Freeman, J.,
delivered the opinion of the Court.
Atkins sold a tract of land in Henry county to Cooper and Williams, containing two hundred and sixteen acres, and took their notes, due one, two and three years from date, for payment of purchase money — the last note due January 1, 1862.
In 1862, Atkins sold the last note to the complainant in the original bill, J. M. Young, and *530 transferred it to liim, or agreed to do so in writing, and also agreed not to make a deed to tbe vendees of tbe land, till said note was paid, reciting tbe fact, tbat tbe note ■ was a lien on tbe land.
Atkins, after tbe war, rescinded bis contract witb Williams and Cooper, took tbe land back, and afterwards sold to defendants, Porter and Melton, gave eacb of tbem bond for title, and bas received from tbem most of tbe purchase money, but bas made tbem no' deed.
Young files bis original and amended bill, to enforce bis lien on tbe land for payment of tbe purchase money. Atkins and Melton and Porter filed a cross bill, in which they allege tbe purchase of tbe land, by Porter and Melton, and tbat tbe sale of tbe note by Atkins to Young for Confederate money, was for an illegal consideration, and void, and is not a lien on tbe land, and insist tbat said note ought to be surrendered to Atkins as tbe rightful owner thereof.
Tbe Chancellor dismissed both tbe original and amended bills of complainant, and also tbe cross-bill, as we suppose, upon tbe ground tbat tbe consideration of tbe transfer of tbe note was Confederate money, and all parties were in pari delicto, and therefore could not actively invoke tbe aid of a court of equity.
In this be erred. Tbe Confederate notes were a good consideration for this contract for purchase of tbe note, and might as well support this contract as any other contract.
*531 Young clearly had a lien for the payment of this note, standing by the transfer of the note, in tbe shoes of Atkins, and entitled to all his rights.
Melton and Porter, who purchased the land from Atkins, evidently with a knowledge of the existence of this note, are in no condition to defend themselves against the enforcement of the lien on the part of Young.
They have only an equitable title, holding only bond for title from Atkins, and do not claim to be innocent purchasers, and could not have sustained such plea, had it been made in the pleadings.
There is no rule in equity better settled than this, that a purchaser of an equitable title must always abide by the case of the person from whom he buys: Williams v. Love, Ex’r, et als., 2 Head, 86; Craig v. Leiper, 2 Yer., 193.
The decree of the chancellor must be reversed, and a decree be rendered here in accordance with this opinion.
The land will be ordered to be sold in ninety days, unless the note of Young shall be paid to the clerk of this court before that time. The amount due on said note will be ascertained by calculation from the face of the note.
Defendant Atkins will pay the costs of this court and court below.